**United States District Court**
For the Northern District of California

1
2
3                    UNITED STATES DISTRICT COURT
4                    NORTHERN DISTRICT OF CALIFORNIA
5
6
7   CLIFFORD ALLAN VENSON,
8                Plaintiff,              No. C 05-4136 PJH (PR)
9        v.                             **ORDER DENYING**
                                        **PLAINTIFF'S MOTIONS FOR**
10  M. S. EVANS, Warden, et al.,        **LEAVE TO AMEND AND TO**
                                        **LIFT STAY, AND GRANTING**
11               Defendants.            **HIS MOTION FOR A NEW**
    _____/  **SCHEDULING ORDER**
12
13         This is a civil rights case filed pro se by a state prisoner.  A motion to dismiss by the

14  only remaining defendant in the case, Correctional Officer T. Whitman, was denied, and the

15  case was referred to a magistrate judge to hold a settlement conference.  The case did not

16  settle.  The stay that was imposed for the settlement conference has expired by its own

17  terms.  Because of a staff error, this was overlooked.  The court regrets the delay.

18         Plaintiff has moved for leave to amend the complaint.  He has, however, not

19  provided a proposed amended complaint, as required by Civil Local Rule 10-1.  In the

20  motion, plaintiff says that he wishes to add three named parties, two of whom denied his

21  grievance and one of whom was the interviewer on the grievance.  If the motion for leave to

22  amend were treated as the proposed amendment itself, the rule that an amended complaint

23  completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262

24  (9th Cir. 1992), would mean that Whitman would no longer be in the case, *see id.*

25  (defendants not named in an amended complaint are no longer in the case).  This clearly

26  was not plaintiff's intent.  The motion for leave to amend (document number 76 on the

27  docket) therefore is **DENIED** with leave to renew it, supported by a proposed amended

28  complaint containing all the claims plaintiff wishes to present, within thirty days of the date

of this order.  Plaintiff should note, however, that his constitutional claim is one for excessive force at a particular time prior to the grievance, and failure to provide redress for a completed constitutional violation may not in itself be actionable.

Plaintiff's motion to lift the stay (document number 77) IS **DENIED** as moot, the stay having expired by its own terms.  His motion for a new scheduling order (also document 77) is **GRANTED**.

1.  Plaintiff may file a renewed motion for leave to amend within thirty days of the date of this order.  If he does not, the case will proceed against defendant Whitman only.  If he does file a renewed motion and leave to amend is granted, the court will enter a new scheduling order.

2.  If plaintiff does not renew his motion for leave to amend, defendant shall file a motion for summary judgment within sixty days of the date this order is entered.  Because of the age of this case, extensions will be granted only under the most compelling circumstances.  If plaintiff desires to oppose the motion for summary judgment, he shall do so within thirty days of the date the motion for summary judgment is served on him.  Any reply will be due within fourteen days of the date the opposition is served on defendant.

**IT IS SO ORDERED.**

Dated:  November 15, 2011.

_____
PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.05\VENSON136.schedule.wpd