UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLIFFORD ALLAN VENSON,

        Plaintiff,

    v.

M. S. EVANS, Warden, et al.,

        Defendants.

No. C 05-4136 PJH (PR)

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; ORDER OF SERVICE AND SCHEDULING ORDER**

This is a civil rights case filed pro se by a state prisoner. In the initial review order the court described plaintiff's claim, as contained in his amended complaint, as being that defendant Whitman twice body-slammed him to the ground, one of those times being when he was in leg restraints. The court ordered service on Whitman. Whitman's motion to dismiss was denied, and the case was referred to a magistrate judge to hold a settlement conference. The case did not settle. The stay that was imposed for the settlement conference expired by its own terms.

A motion for leave to file another amended complaint was denied by the court on November 15, 2011, because plaintiff had not submitted a proposed amended complaint. Plaintiff was given leave to file another motion for leave to amend within thirty days. He has filed a document captioned "Renewed Motion for Leave to Amend," which consists entirely of a proposed amended complaint. The motion for leave to amend (document number 84 on the docket) will be granted.

In the amended complaint, plaintiff refers to the settlement discussions before Judge Vadas, and claims that an offer purportedly made there was an "admission of guilt." This sentence appeared in the court's order referring the case to Judge Vadas for

mediation: "The proceedings are confidential and no statement made therein will be admissible in any proceedings in the case, unless the parties agree otherwise." Plaintiff's reference to confidential settlement negotiations is grossly improper. The references to statements made in settlement negotiations will be stricken.

The court has liberally construed plaintiff's amended complaint in view of his pro se status, but it remains hard to follow. In addition to the excessive force claim against Whitman, it appears that he contends that new defendants Coleman and Dixon were present when Whitman used excessive force and "looked on" without intervening. This is sufficient to state a claim against them. *See Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir.1995) (Eighth Amendment requires that prison officials intervene on behalf of prisoner if other officers are violating prisoner's constitutional rights).

Plaintiff contends that new defendant Johnson threatened to place a documented enemy in his cell if plaintiff did not dismiss his staff complaint (presumably the one against Whitman). He then contends that Johnson, Dixon and Coleman did place an enemy in his cell, and wrote a rules violation complaint against him. This is marginally sufficient to state a claim that Johnson, Dixon and Coleman violated plaintiff's First Amendment rights by retaliating against him for the staff complaint.

Plaintiff alleges that Rankin and Binkele were involved in a "conspiracy" to retaliate against him. This allegation, being conclusory, in insufficient to state a claim against them. His other allegation regarding them is that they signed the denial of his staff complaint. A prisoner has no right to a response to a grievance or to any particular action, so this allegation also is insufficient to state a claim. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to entertain his grievance."). The claims against Rankin and Binkele will be dismissed.

**CONCLUSION**

1. Plaintiff's motion for leave to amend (document number 84) is **GRANTED**.

2. Plaintiff's claims against new defendants Rankin and Binkele are **DISMISSED**.

His references to settlement discussion are **STRICKEN** as improper.

    3. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint (document 84) with attachments and copies of this order on the following additional defendants: K. Johnson, C. Dixon, and J. Coleman. Plaintiff says that they can be found at Salinas Valley State Prison.

    4. In order to expedite the resolution of this case, the court orders as follows:

        a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

        b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff should note the warnings provided to him in the original order of service.

        c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

        d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    5. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

**IT IS SO ORDERED.**

Dated: April 5, 2012.

                              PHYLLIS J. HAMILTON
                              United States District Judge

G:\PRO-SE\PJH\CR.05\VENSON136.serve 4th.wpd