United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CLIFFORD ALLAN VENSON,

    Plaintiff,

    v.

M. S. EVANS, Warden, et al.,

    Defendants.

                      /

No. C 05-4136 PJH (PR)

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT**

     This is a civil rights case filed pro se by a state prisoner. In the initial review order the court ordered service on defendant Whitman. Whitman's motion to dismiss was denied, and the case was referred to a magistrate judge to hold a settlement conference. The case did not settle.

     The court granted plaintiff's motion to file an amended complaint, reviewed the amended complaint, dismissed claims against two new defendants, and ordered service on additional defendants K. Johnson, C. Dixon, and J. Coleman. Service has been obtained on Johnson and Dixon, but not on Coleman.

     On July 11, 2012, plaintiff moved for entry of default. On July 17, 2012, defendants Whitman, Johnson and Dixon filed a motion for summary judgment and to dismiss for failure to exhaust. They also provided the notice required by *Woods v. Carey*, No 09-15548, slip op. 7871, 7874 (July 6, 2012). Because defendants have filed a dispositive motion and therefore defended, a default judgment is not appropriate. The motion for entry of default (document number 92 on the docket) is **DENIED**. *See Mitchell v. Brown & Williamson Tobacco Co.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002) (default judgment inappropriate when defendant has shown an intention to defend, even if intention was

shown after expiration of deadline); *Direct Mail Specialists v. Eclat*, 840 F.2d 685, 689 (9th Cir. 1988) (default judgment not appropriate if defendant has shown intent to defend).

If plaintiff wants to oppose the dispositive motion he shall do so by August 24, 2012. Because of the age of this case, requests for extensions are discouraged.

Plaintiff also must provide within fourteen days of the date of this order an address at which defendant Coleman can be served. If he does not, the claims against Coleman will be dismissed for failure to obtain service. *See* Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Dated: August 3, 2012.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\VENSON136.default.wpd